Thomas C. Remsen, J.
The petitioner, Willie J. Howard, was arrested on Indictment No. 3391/72 on June 12, 1972, pleaded guilty and was released pending sentence on $750 on August 1, 1972, a period of 51 days. On June 5, 1973, he was rearrested on Indictment No. 3245/73; he was unable to make bail on the second charge and was in jail on that charge alone for 309 days, when he was sentenced to three years on Indictment No. 3245/73. On April 10, 1974, petitioner was also later sentenced on Indictment No. 3391/72. The sentence and com *889 mitment for Indictment No. 3245/73 shows Justice Birns sentenced relator as an original sentence to an indeterminate term of three years on felony E charge. Subsequently, and on the same day, Justice Sandifer, who had previously had petitioner before him and had delayed sentencing on Indictment No. 3391/72 until the subsequent indictment was disposed of, sentenced petitioner to three years’ indeterminate sentence, "and that the sentence herein shall run concurrently with the sentence imposed on the defendant under the conviction upon the indictment numbered 3245/73”.
It is apparent the Judge had in mind the second sentence was to run concurrently with the first sentence, and that petitioner would be entitled to all of the time credits on the second sentence to which he was entitled on the first sentence. In addition, thereto, on the sentence imposed on Indictment No. 3391/72, the petitioner would be entitled to the 51 days jail time served between June 12, 1972 and August 1, 1972, but would not be entitled to the 51 days on the 1973 indictment.
The contention of counsel for petitioner as to whether or not the presentencing was properly handled and the question of competence of counsel are not properly before this court at this time, as the sole question appears whether or not the petitioner has been properly credited with time served during presentencing period.
There appears to be no question as to the time served in jail; it is a matter of application of such time. The argument petitioner was technically on bail on the first charge does not, to me, bear serious consideration, when a man is in jail on a second charge and is, therefore not entitled to the time served on that charge and the two are to run concurrently.
There is no justification for credit for jail time served prior to the commission of a crime or incarceration therefor.
It is the opinion of this court the request by respondent’s counsel to apply the provisions of CPL article 440 is without merit, as this is not an application to vacate a judgment nor set aside a sentence. No question as to the validity thereof is raised here.
Time allowed on the 1972 sentence is 366 days and on the 1973 sentence is 315 days.